IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-06-219-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | |
| GERARDO ESPARZA-HERRERA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant has pled guilty to illegal reentry in violation of 8 U.S.C. § 1326(a). The Court has reviewed the briefs of counsel and heard argument on the issue of whether Defendant should receive a 16-level enhancement pursuant to USSG § 2L1.2(b)(1)(A)(ii). Resolution of that issue depends on whether his prior conviction for aggravated assault pursuant to A.R.S. §§ 13-1204(A)(11)(B) and 1203(A)(1) in Maricopa County Superior Court, Maricopa County, Arizona, qualifies as a crime of violence. For the reasons set forth below, the Court finds that the 16-level enhancement is not applicable.

## BACKGROUND

It is undisputed that on November 1, 2000, Defendant was sentenced to 30 months imprisonment following a felony conviction for aggravated assault. As

**Memorandum Decision - 1**

evidence of the conviction, the Government has supplied copies of the Indictment, Plea Proceedings Minute Entry Page, Plea Agreement, and Sentence of Imprisonment from the Maricopa County, Arizona, Superior Court records.  *See Government's Response to Defendant's Objection to Presentence Report*, Attachments (Docket No. 24-2).

The Probation Officer applied a 16-level enhancement to the base offense level in the preliminary Presentence Report based on Defendant's Arizona conviction.  Defendant objected for the reasons discussed below.  The Probation Officer agreed with Defendant's position and thereafter determined that a 4-level enhancement for "any other felony" under § 2L1.2(b)(1)(D) was the appropriate enhancement.  The Government contends, however, that the 16-level enhancement initially applied was the correct enhancement.

Section 2L1.2(b)(1)(A)(ii) provides for a 16-level enhancement for a "crime of violence" which is defined in the Application Notes as (1) one of several enumerated offenses, including aggravated assault, or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."  USSG § 2L1.2, comment. (n.1(B)(iii)).  The latter provision is identical to one portion of the statutory definition of "crime of violence."  *See* 18 U.S.C. § 16(a).

**Memorandum Decision - 2**

In relevant part, the statutes under which Defendant was convicted provide:

> A person commits aggravated assault if the person commits assault as prescribed by § 13-1203 under any of the following circumstances: . . .
>
>> 3. If the person commits the assault by any means of force that causes temporary but substantial disfigurement, temporary but substantial loss or impairment of any body organ or part or a fracture of any body part.

A.R.S. § 13-1204(A)(3).[1]  Section 13-203 defines assault as follows:

> A person commits assault by:
>
>> 1. Intentionally, knowingly or recklessly causing any physical injury to another person; . . . .

A.R.S. § 13-203(A)(1).

The Indictment in the Arizona court specifically charged that Defendant "intentionally, knowingly or recklessly caused injury to [an individual] by any means of force, which caused a temporary but substantial disfigurement. . . ." *Indictment* (Docket No. 24-2, p. 1).

Defendant objects to the enhancement on the grounds that the statute is overbroad because it proscribes reckless conduct whereas only intentional conduct

---

[1] A.R.S. § 13-1204 has been revised since Defendant's conviction. It appears that the provision under which he was convicted now appears at § 13-204(A)(3).

**Memorandum Decision - 3**

constitutes a "crime of violence."  The Government contends that the enhancement applies because aggravated assault is one of the listed offenses and the Arizona statute conforms with the generic and contemporary meaning of aggravated assault.   The Court rejects both arguments, but nevertheless concludes that the 16-level enhancement is inapplicable.

## DISCUSSION

Defendant contends that the Court must use the *Taylor* categorical approach when determining whether a prior offense constitutes a crime of violence under § 2L1.2(b)(1)(A)(ii).  *See United States v. Pimental-Flores*, 339 F.3d 959 (9th Cir. 2003) (referring to *Taylor v. United States*, 495 U.S. 575 (1990)).  That approach involves looking only to the fact of conviction and the statutory definition of the offense of conviction to determine if all of the proscribed conduct constitutes a "crime of violence" rather than looking to the underlying conduct.  *Id.* at 967 (citation omitted).  He further argues that Ninth Circuit case law, interpreting *Leocal v. Ashcroft*, 543 U.S. 1 (2004), requires that "crimes of violence" include only crimes involving intentional conduct.  *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006) (*en banc*) (interpreting 18 U.S.C. § 16's definition of "crime of violence" in the context of an immigration proceeding).  Because the Arizona statute of conviction covers reckless as well as intentional conduct,

**Memorandum Decision - 4**

Defendant contends that the Court must employ the "modified categorical approach" which allows the Court to look at certain judicially noticeable facts to establish that the offense is a crime of violence. *See Pimental-Flores*, 339 F.3d at 969 n. 11. Defendant concludes that the enhancement fails using the modified categorical approach because nothing in the documents supplied by the Government indicates that the conduct for which Defendant was convicted was intentional.

The Government agrees that the underlying court documents do not establish that the conviction was for intentional conduct. However, it argues that because aggravated assault is a *per se* crime of violence specifically enumerated in the Application Notes to § 2L1.2, the proper inquiry is whether the Arizona statutory definition of aggravated assault "comports with the generic and contemporary meaning of the offense" of aggravated assault. *See United States v. Rodriguez-Guzman*, No. 06-10585, 2007 WL 3052987 (9th Cir. Oct. 22, 2007). Citing the aggravated assault statutes of several states that encompass reckless conduct, the Model Penal Code definition of aggravated assault, and a Fifth Circuit case construing a similar Tennessee aggravated assault statute, the Government argues that a conviction under the Arizona statute categorically constitutes a "crime of violence."

**Memorandum Decision - 5**

The Court agrees with the Government that Defendant's reliance on *Fernandez-Ruiz* is misplaced.  In *Fernandez-Ruiz*, the Ninth Circuit held that an offense must involve the intentional use of force to constitute a "crime of violence" under 18 U.S.C. § 16.  *Fernandez-Ruiz*, 466 F.3d at 1132 (expressly overruling Ninth Circuit cases "that crimes of violence under 18 U.S.C. § 16 may include offenses committed through the reckless, or grossly negligent, use of force").  That holding was made in the context of an immigration proceeding and involved the statutory definition rather than the guideline definition of "crime of violence."  Were the Government here urging the enhancement under that portion of the guideline definition that tracks the language of § 16(a) – rather than that portion of the guideline definition which enumerates specific offenses as crimes of violence – the Court might well be persuaded to adopt Defendant's position.  Indeed, the Court is aware that the Third Circuit has recently extended its own similar decision in the immigration context to the guideline context.  *See United States v. Otero*, 502 F.3d 331 (3rd Cir. 2007) (citing *Popal v. Gonzales*, 416 F.3d 249 (3rd Cir. 2005) and *Fernandez-Ruiz*).  However, here the Government urges the enhancement based on the enumerated offenses section of the guideline definition which requires a somewhat different approach.

The Ninth Circuit has recently reiterated that a specifically enumerated

**Memorandum Decision - 6**

offense is a *per se* "crime of violence" under the guidelines. It rejected the defendant's argument that a specifically enumerated offense was not a "crime of violence" because it did not meet the § 16 definition. In so holding, the court noted that the statutory definition of "crime of violence" is materially different from the guideline definition. *Rodriguez-Guzman*, 2007 WL 3052987 at *2-3. Nonetheless, the Ninth Circuit emphasized that even if an enumerated offense is a *per se* "crime of violence," it is still necessary to inquire further to determine if the statutory definition of the underlying offense "comports with the generic and contemporary meaning of the offense. . . ." *Id.* at *4. The generic definition "can be drawn from the 'sense in which the term is now used in the criminal codes of *most* States'" as well as from the Model Penal Code definition of the offense. *Id.* (emphasis added) (citing *Taylor*, 495 U.S. at 598). In other words, while still applying the *Taylor* categorical approach, the Court directs that, rather than comparing the statute of conviction to the definition in § 16, the district court must compare it with the statutory language of other states.

In the Fifth Circuit case relied upon by the Government, the court found that a prior conviction under the Tennessee aggravated assault statute qualified as crime of violence under § 2L1.2(b)(1)(A), even assuming that the conviction was based upon reckless conduct. *United States v. Mungia-Portillo*, 484 F.3d 813 (5th Cir.),

**Memorandum Decision - 7**

*cert. denied*, No. 07-5804, 2007 WL 230434 (U.S. Oct. 1, 2007).  The court reasoned that the language of the Tennessee statute was substantially similar to the language of the Model Penal Code § 211.1(2) which encompassed reckless conduct and therefore fell within the "ordinary, contemporary, and common meaning of aggravated assault" justifying the 16-level enhancement.  *Id.* at 817.

In so deciding, the court specifically rejected the defendant's argument that the Model Penal Code's "depraved heart" recklessness was greater than the "mere" recklessness in the Tennessee statute.  *Id.*  The court was also unpersuaded by the fact that at least five other states required a "depraved heart" type of recklessness.  *Id.*  Finding the differences between the Tennessee statute and the "depraved heart" statutes to be "minor," the court "decline[d] to exhaustively survey all state codes."  *Id.* at n.3.

With all due respect to the Fifth Circuit, the Court finds that the Ninth Circuit's direction in *Rodriguez-Guzman* requires a more thorough survey of state statutes to determine how the term "aggravated assault" is defined in the criminal codes of "most" states, as well as a more thorough consideration of differences between the Arizona statute and the Model Penal Code provision.  A survey of the statutes of all fifty states is attached as an Appendix to this decision.  It reveals that in thirty-one jurisdictions, recklessness is insufficient to support a charge of

**Memorandum Decision - 8**

aggravated assault, absent the use of a dangerous weapon.  Eleven jurisdictions follow the approach of the Model Penal Code, allowing recklessness to support a charge of aggravated assault only under "circumstances manifesting extreme indifference to the value of human life." Only five jurisdictions, including Arizona, permit recklessness to support a charge of aggravated assault without the depraved indifference language used in the Model Penal Code.   Four states follow the common law approach to aggravated assault.  Clearly, a substantial majority of state statutes do not permit a charge of aggravated assault to be based upon recklessness.

     Moreover, the Court disagrees with the Fifth Circuit's conclusion that the Tennessee and Arizona definition of recklessness is only a minor variation from the language  used by the Model Penal Code.   The definition of recklessness contained in the Arizona statute is as follows:

> "Recklessly" means, with respect to a result or to a circumstance described by a statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

**Memorandum Decision - 9**

ARIZ. REV. STAT. ANN. § 13-105(9)(c).[2]   As such, the Arizona statute only requires that the defendant "consciously disregard a substantial and unjustifiable risk," and that doing so constitutes a "gross deviation" from what a reasonable person would do under the circumstances.  By comparison, the Model Penal Code utilizes a similar definition of reckless[3], but imposes an additional requirement that if a charge of aggravated assault is premised upon recklessness, the defendant must have acted "recklessly under circumstances manifesting extreme indifference to the

---

[2]  The Tennessee statute considered by the Fifth Circuit in United States v. Mungia-Portillo is virtually identical to the Arizona statute.  It defines "reckless" as follows:

> "Reckless" means that a person acts recklessly with respect to circumstances surrounding the conduct or the result of the conduct when the person is aware of, but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint.

TENN. CODE § 39-11-106.

[3]  The Model Penal Code defines reckless as follows:

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.

Model Penal Code § 2.02(2)(c).

**Memorandum Decision - 10**

value of human life." Model Penal Code § 211.1(2).   The Court must assume that the drafters of the Model Penal Code, in imposing this additional requirement, intended that something more than garden-variety recklessness was necessary to sustain a charge of aggravated assault.   Moreover, in requiring that the defendant's actions show "extreme indifference to the value of human life," the drafters utilized language which suggests a mental state substantially more culpable than mere "gross deviation" from reasonable conduct.   Therefore, the Court cannot agree with the Fifth Circuit's conclusion that there are only "minor differences" between the Arizona/Tennessee crimes of aggravated assault and the "ordinary, contemporary, and common meaning of aggravated assault" as reflected in the Model Penal Code.   *Mungia-Portillo*, 484 F.3d at 817.   Indeed, the Court perceives that differences are a matter of kind, rather than degree.

     In summary, the Court finds that a substantial majority of state statutes do not permit a charge of aggravated assault to be based upon reckless conduct under any circumstances.   The court further finds that most of the states which do permit a charge to be based upon recklessness, impose the Model Penal Code's additional requirement that the defendant's conduct manifest an "extreme indifference to the value of human life."   Arizona stands almost alone in permitting an aggravated assault to be based solely upon reckless conduct.   As such, the Court concludes that

**Memorandum Decision - 11**

the Arizona crime of aggravated assault does not correspond to the generic definition of that offense as enumerated in the Sentencing Guidelines.  U.S.S.G. § 2L1.2, Application Note 1(B)(iii) (2006).

## CONCLUSION

Having found that the 16-level enhancement does not apply, the Court finds that the appropriate enhancement is the 4-level enhancement for "any other felony" set forth in § 2L1.2(b)(1)(D).  Accordingly, the Court adopts the Presentence Report determination of a total offense level of 10 which, with a criminal history category of V, yields a guideline range of 21 to 27 months.



DATED:  **November 16, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision - 12**

# APPENDIX

## Summary of Statutory Definitions of Aggravated Assault

In thirty-one jurisdictions, recklessness is insufficient to support a charge of aggravated assault, absent circumstances involving the use of a dangerous weapon. *See* ALASKA STAT. § 11.41.200; ARK. CODE ANN. § 5-13-204; CAL. PENAL CODE §§ 245, 250; *People v. Cotton*, 113 Cal. App. 3d 294, 301 (Cal. Ct. App. 1980) ("[M]ere reckless conduct alone is insufficient to constitute an assault. Whether the requisite intent existed is a question for the jury"); COLO. REV. STAT. ANN. § 18-3-202; FLA. STAT. §§ 784.011, 784.021; GA. CODE ANN. § 16-5-21; HAW. REV. STAT. § 707-710; IDAHO CODE ANN. §§ 18-901, 18-905; 720 ILL. COMP. STAT. 5/12-1, 5/12-2; *People v. Cannes*, 61 Ill. App. 3d 865, 870 (Ill. App. Ct. 1978), *cert. denied*, 440 U.S. 917, 99 S. Ct. 1235, 59 L. Ed. 2d 466 (1979) ("The mental states of intent, knowledge, or recklessness are sufficient to support a conviction for aggravated assault with a deadly weapon"); *People v. Infelise*, 32 Ill. App. 3d 224, 227 (Ill. App. Ct. 1975) ("The sole mental state necessary to sustain a conviction of aggravated assault is that of knowledge"); IND. CODE §§ 35-42-2-1.5, 35-13-3-1 (repealed 1977) (indicating that Indiana has merged the crime of assault into the present statutory definition of battery); IOWA CODE §§ 708.1, 708.2; KAN. STAT. ANN. §§ 21-3408, 21-3410; LA. REV. STAT. ANN. § 14:37; MD. CODE ANN. CRIM. LAW § 3-202; MICH. COMP. LAWS ANN. § 750.84; MINN. STAT. ANN. §§ 609-221, 609-224; MO. ANN. STAT. § 565.050, MONT. CODE ANN. § 45-5-202; NEB. REV. STAT. § 28-308; NEV. REV. STAT. § 200.471; N.H. REV. STAT. ANN. 631:1; N.M. STAT. ANN. § 30-3-2; N.D. CENT. CODE § 12.1-17-02; OHIO REV. CODE ANN. § 2903.12; OKLA. STAT. TIT. 21, § 646; OR. REV. STAT. § 163.185; R.I. GEN LAWS § 11-5-2; UTAH CODE ANN. § 76-5-103; WASH. REV. CODE § 9A.36.011; W. VA. CODE § 61-2-9; WIS. STAT. § 940.19.

Eleven jurisdictions follow the approach of the Model Penal Code, allowing recklessness to support a charge of aggravated assault only under "circumstances manifesting extreme indifference to the value of human life." *See* ALA. CODE § 13A-6-20; CONN. GEN. STAT. ANN. § 53A-59; D.C. CODE § 22-404.01; KY. REV. STAT. ANN. 508.010; MISS. CODE ANN. § 97-3-7; N.J. STAT. ANN. § 2C:12-1; N.Y. PENAL LAW § 120.10; 18 PA. CONS. STAT. § 2702; S.D. CODIFIED LAWS § 22-18-1.1; VT. STAT. ANN. TIT. 13, § 1024; WYO. STAT. ANN. § 6-2-502.

Four jurisdictions follow the common law approach to aggravated assault.

**Memorandum Decision - 13**

*See Commonwealth v. Campbell*, 352 Mass. 387, 399 (Mass. 1967) ("An assault and battery is the intentional and unjustified use of force upon the person of another, however slight, or the intentional doing of a wanton or grossly negligent act causing personal injury to another"); *State v. Roberts*, 270 N.C. 655, 658 (N.C. 1967) ("There is no statutory definition of assault in North Carolina, and the crime of assault is governed by common law rules"); *State v. Rowland*, 89 N.C. App. 372, 377 (N.C. Ct. App. 1988) ("The word assault has been defined as an overt act or attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or violence must be sufficient to put a person of reasonable firmness in fear of immediate physical injury"); *State v. Hill*, 254 S.C. 321, 329 (S.C. 1970) ("The offense of assault and battery is not a statutory offense in this State but has its origin in the common law. . . . While at common law there are no degrees of assault and battery, it has been divided in this State through common usage into three degrees, according to the gravity of the act: (1) assault and battery with intent to kill and murder; (2) assault and battery of a high and aggravated nature or (3) simple assault and battery") (internal citations omitted); *Zimmerman v. Commonwealth*, 266 Va. 384, 387 (Va. 2003) ("In this jurisdiction, we adhere to the common law definition of assault, there having been no statutory change to the crime. In order to constitute an assault, there must be an attempt with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution; it is any act accompanied with circumstances denoting an intention, coupled with a present ability, to use actual violence against another person").

     Only five jurisdictions permit recklessness to support a charge of aggravated assault where "recklessly" is defined in a manner similar to that used in the Arizona statute: "The person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such a nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." *See* ARIZ. REV. STAT. ANN. §§ 13-105, 13-1203, 13-1204; DEL. CODE ANN. TIT. 11 §§ 613, 231(e); ME. REV. STAT. ANN. TIT. 17-A, §§ 35, 208; TENN. CODE §§ 39-11-302, 39-13-101, 39-13-102; TEX. PENAL CODE ANN. §§ 6.03, 22.01, 22.02.